UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY MICHAEL WHITE, | Case No. 3:21-cv-00010-RCJ-WGC |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN TIM GARRETT, *et al.*, | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts as well as consideration of Petitioner's Motion for Appointment of Counsel (ECF No. 3). Following review of the petition, its attachments, and the state court records in Petitioner Jimmy Michael White's criminal case and appeals,[1] the Court will order petitioner to show cause why it should not be dismissed as untimely.

I.   BACKGROUND

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *See State of Nevada v. Jimmy White*, Case No. C-15-309883-2. Petitioner pled guilty to one count of robbery. On December 21, 2017, the state district court entered an amended judgment of conviction and sentenced him to 48 to 120 months. Petitioner did not directly appeal his judgment of conviction.

On April 25, 2018, Petitioner filed a state habeas petition seeking post-conviction relief. The state court denied his state habeas petition and the Nevada Supreme Court affirmed the state court's decision. On January 8, 2020, remittitur issued. On December 21, 2018, Petitioner filed

---

[1] Petitioner has attached only some of the written findings of the state courts to his petition. However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

1

another state habeas petition. The state court denied his state habeas petition as untimely and successive. The Nevada Court of Appeals affirmed finding Petitioner failed to demonstrate good cause and prejudice. On January 7, 2021, Petitioner dispatched the instant federal habeas petition for filing. ECF No. 1.

## II. IFP APPLICATION

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Petitioner filed an IFP application (ECF No. 1) on January 7, 2021 and another IFP application (ECF No. 4) on January 28, 2021. The Court denied his IFP application (ECF No. 1) on April 29, 2021 because the supporting documents showed he is able to pay the $5.00 filing fee. ECF No. 5. Receipt of the filing fee was recorded on June 14, 2021. Accordingly, the Court denies his IFP application (ECF No. 4).

## III. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The petition in this case appears sufficiently clear in presenting the issues that Petitioner wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his/her claims, submitted numerous filings, and followed the Court's instructions to resolve the filing fee. The Court appreciates that it is difficult for *pro se* petitioners

to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Petitioner has made no showing as to why denial of counsel would amount to a denial of due process. As such, the motion is denied without prejudice.

## IV.    ORDER TO SHOW CAUSE

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The judge may also dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Here, Petitioner's conviction became final when the time expired for filing a notice of

appeal with the Nevada appellate courts, or on January 21, 2018. The federal statute of limitations began to run the following day. Petitioner timely filed his state habeas petition on April 25, 2018 As a result, 93 days elapsed between the expiration of time to seek direct review and the filing of the state habeas petition. The remaining 272 days of the AEDPA limitations period was statutorily tolled during the pendency of all proceedings related to the state habeas petition. Tolling ended on January 8, 2020 when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day and expired 272 days later on October 7, 2020. The federal petition was mailed to this court on January 7, 2021. Absent another basis for tolling or delayed accrual, Petitioner filed his petition three months after the AEDPA limitations period expired. Petitioner therefore must show cause why the petition should not be dismissed with prejudice as time-barred.

**IT IS THEREFORE ORDERED:**

1. Petitioner Jimmy Michael White's Application to Proceed *In Forma Pauperis* (ECF No. 4) is DENIED.

2. Petitioner's Motion for Appointment of Counsel (ECF No. 3) is DENIED without prejudice.

3. Petitioner must show cause in writing within 30 days of the date of entry of this order why this action should not be dismissed as untimely.  If Petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further notice.  If Petitioner responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

4. Any assertions of fact Petitioner makes in response to this order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The Court will not consider any assertions of fact that are not specific as to time and place, that are not made in a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence Petitioner filed in the federal record.  Petitioner must attach copies of all materials upon which he bases his

argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

DATED this 29th day of September 2021.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE