# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY MICHAEL WHITE,<br><br>                Petitioner,<br>v.<br>WARDEN TIM GARRETT, *et al.*,<br><br>                Respondents. | Case No. 3:21-cv-00010-RCJ-WGC<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Jimmy Michael White's Motion to Dismiss (ECF No. 13). White submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1). Following review of the petition, its attachments, and the state court records in Petitioner Jimmy Michael White's criminal case and appeals,[1] the Court ordered White to show cause why it should not be dismissed as untimely. *See* ECF No. 12.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

---

[1] Petitioner has attached only some of the written findings of the state courts to his petition. However, the dockets of his criminal action and appeals are available online, and the Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public online at www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

In its previous order, the Court informed Petitioner that his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts, or on January 21, 2018. The federal statute of limitations began to run the following day. Petitioner timely filed his state habeas petition on April 25, 2018. As a result, 93 days elapsed between the expiration of time to seek direct review and the filing of the state habeas petition. The remaining 272 days of the AEDPA limitations period was statutorily tolled during the pendency of all proceedings related to the state habeas petition. Tolling ended on January 8, 2020 when the remittitur issued for the order of affirmance by the Nevada Supreme Court. The AEDPA clock restarted the following day and expired 272 days later on October 7, 2020. The federal petition was mailed to this court on January 7, 2021. Absent another basis for tolling or delayed accrual, Petitioner filed his petition three months after the AEDPA limitations period expired. The Court, therefore, instructed Petitioner to show cause why the petition should not be dismissed with prejudice as time-barred.

In response, Petitioner filed a motion to dismiss. He states that "it would be misleading to move forward with case," and requests dismissal of the case. White has not filed any other response to the order to show cause or taken any other action to prosecute this case.

**IT IS THEREFORE ORDERED:**

1. Petitioner Jimmy Michael White's Motion to Dismiss (ECF No. 13) is granted and the Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice.
2. A certificate of appealability is DENIED as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.
3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will

add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

4. The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED this March 2, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

3